CURT ROY HINELINE, OSB NO. 913153
Email: chineline@bakerlaw.com
**BAKER & HOSTETLER LLP**
999 3rd Avenue, Suite 3900
Seattle, WA 98104
Telephone: (206) 332-1380
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| SPECIALTYCARE INC., a Delaware corporation, REMOTE NEUROMONITORING PHYSICIANS, PC, a Pennsylvania corporation and SENTIENT PHYSICIANS, PC, an Illinois corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PROVIDENCE HEALTH PLAN, an Oregon corporation,<br><br>Defendant. | Civil Action No.: 3:24-cv-2165<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs, SPECIALTYCARE, INC., REMOTE NEUROMONITORING PHYSICIANS, PC, AND SENTIENT PHYSICIANS, PC (collectively, "**SpecialtyCare**") bring this action against Defendant, PROVIDENCE HEALTH PLAN ("**Providence**"), and allege as follows:

## INTRODUCTION

1. Defendant, Providence, is violating the No Surprises Act ("NSA") and engaging in bad faith claims settlement practices. Providence has devised a scheme to turn the purpose of the NSA on its head. Rather than Independent Dispute Resolution ("IDR") proceedings being a quick,

COMPLAINT - 1

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

efficient way to resolve payment disputes between out-of-network providers of emergency services and health plans, Providence has used the NSA to deny, delay, and underpay out-of-network providers. After providers receive low initial payments from Providence (or no payment at all), providers must navigate the NSA to receive a determination for fair compensation of their services. Once a provider receives an IDR award determination, Providence delays payment far beyond the statutorily mandated 30-day deadline.

2. To date, Providence has not paid $186,293.93 in IDR awards issued through November 28, 2024, to SpecialtyCare. Providence is ignoring federal law and violating Oregon state law and must be held accountable.

**PARTIES, JURISDICTION, AND VENUE**

3. SpecialtyCare, Inc. is a corporation organized under the laws of the state of Delaware and has its principal place of business in Brentwood, Tennessee. SpecialtyCare, through its affiliates and subsidiaries, is a leading national health care provider of intraoperative neuromonitoring throughout the United States, including Oregon. SpecialtyCare has two affiliated entities: Plaintiffs, Remote Neuromonitoring Physicians, PC and Sentient Physicians, PC. Remote Neuromonitoring Physicians, PC is organized under the laws of the state of Pennsylvania and Sentient Physicians, PC, is organized under the laws of the state of Illinois. Both are professional corporations with principal places of business located in Brentwood, Tennessee.

4. Providence is organized under the laws of the state of Oregon with its principal place of business in Portland, Oregon. Providence insures and administers health insurance products and benefits plans throughout Oregon.

5. This Court has complete diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 as all Plaintiffs are diverse from Providence and the amount in

controversy exceeds $75,000, exclusive of interest and costs. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 under the NSA.

6. This Court has personal jurisdiction over Providence because, among other reasons, Providence operates, conducts, engages in and carries on a business in Oregon and in this District, it maintains offices and facilities in Oregon and in this District, and committed the acts complained of herein in Oregon and in this District. Further, Providence is engaged in substantial and not isolated activity in Oregon, both interstate and intrastate.

7. Venue is proper in the District of Oregon under 28 U.S.C. § 1391(b)(1) and (c)(2) because Providence is a resident of this District, and the Court has personal jurisdiction over it.

## FACTUAL ALLEGATIONS

8. This dispute arises from Providence's failure to reimburse SpecialtyCare for its health care services provided to Providence's members.

9. At all material times, Providence was obligated to cover and reimburse SpecialtyCare for certain out-of-network ("OON") items and services rendered to Providence's members and insureds under the Federal No Surprises Act ("NSA").

10. The NSA became effective January 1, 2022, and requires health plans and insurers, like Providence, to provide coverage and reimburse providers directly for OON emergency health care services and non-emergency services furnished by OON providers at participating hospitals and facilities.

11. Under the NSA, health plans and issuers have 30 calendar days from the date the bill is transmitted by the provider to pay or deny the claim. 42 U.S.C. §§300gg-111(b)(1)(C-D). Plans and issuers are allowed to initially pay the OON provider whatever amount they choose (or nothing at all). If the payment is too low, the provider may initiate an "open negotiation period" to

negotiate a higher amount. *Id.* § (c)(1)(A). If negotiations fail, the provider may initiate an independent dispute resolution ("IDR") process where a third-party arbitrator, known as an IDR entity, determines the pricing on the claim(s). *Id.* § (c)(1)(B).

12. The IDR process requires both parties to submit position statements and proposed offers of payment for the items and services at issue to the IDR entity. *Id.* §(c)(5)(B)(i). The IDR entity then evaluates both proposed offers based on a number of statutory factors, then selects one offer as the appropriate payment for the items and services at issue. *Id.* § (c)(5)(C).

13. After the IDR entity's determination, the health plan or insurer is required to pay any amount owed **within thirty (30) calendar days.** *Id.* § (c)(6).

14. Since the implementation of the NSA, SpecialtyCare and Providence have engaged in numerous IDR processes to resolve OON payment disputes. Likewise, numerous IDR entities have issued determinations clearly requiring Providence to pay SpecialtyCare additional amounts pursuant to the NSA.

15. The IDR awards at issue were rendered in accordance with the NSA, and are, therefore, binding upon SpecialtyCare and Providence. *Id.* § (c)(5).

16. However, Providence has consistently failed to remit payment pursuant to the IDR entity's determinations, resulting in $186,293.93 in unpaid and past due claims owed to SpecialtyCare from Providence ("Debt"). A chart identifying each of the unpaid IDR awards at issue in this action, including the dispute numbers for IDR award against Providence and the amount Providence owes under each award, is attached hereto as **Exhibit "A."**

17. Additionally, Providence has consistently failed to make timely payment within the NSA's required 30-calendar-day payment window, beginning when the IDR entity issued an award in favor of SpecialtyCare. Indeed, many payments are more than 120 days past due.

18. SpecialtyCare has made numerous demands to Providence for its payment on the Debt.

19. Beginning in January of 2023 and continuing throughout 2024, SpecialtyCare escalated the issue of Providence's routine failure to pay amounts owed for the IDR entity determinations to Providence. Although not required by the NSA, SpecialtyCare provided an inventory of IDR entity determinations to Providence to aid in the resolution of the Debt. Such inventory listed the following identifying information:

- IDR dispute number
- CPT
- Service Date
- PCN
- Payor Claim Number
- Award Total
- Decision Date
- Expected Payment Date
- Total Payments (to date)
- Still Owed
- Patient Amount Paid

20. SpecialtyCare diligently followed-up with Providence through multiple emails, Providence's online provider portal, and Providence's customer service hotlines, among other avenues. However, Providence frequently ignored SpecialtyCare's reminders for weeks at a time and has continued to not pay the Debt.

21. SpecialtyCare engaged and continues to engage in a series of transactions in an open account with Providence.

22. SpecialtyCare provided and continues to provide OON items and services to Providence's members and insureds and, when necessary to protect its rights, sought reimbursement pursuant to the NSA. Accordingly, SpecialtyCare also expects to enter further

COMPLAINT - 5

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

transactions with Providence that may yield future IDR entity determinations and increase the Debt.

23. For each IDR determination at issue, Providence made no payment at all or an initial payment on the claim that was unreasonable and well below the amount ultimately awarded in the IDR.

24. Providence makes low initial payments hoping that SpecialtyCare will be too busy to file IDR proceedings or will miss one of the NSA's strict deadlines. This forces SpecialtyCare to go through the IDR process, which is burdensome, on every claim.

25. When SpecialtyCare challenges Providence's low payments and receives IDR awards for higher amounts, Providence then unreasonably delays payment past the statutory payment deadline of thirty days.

26. Providence knows that it is statutorily required to pay IDR awards within thirty days. However, it does not invest in the compliance systems and personnel needed to meet its obligations under federal law because it knows that it, its stakeholders, and the health plans it serves benefit from lack of compliance and violation of the mandatory payment obligations. Providence knows that the longer it delays or denies payment, the more it earns from the interest and/or investment income generated for its fully insured business. By delaying payment or not paying IDR awards, Providence is able to keep the health plans' claims costs arbitrarily low, thus incentivizing plans to stay with Providence or using the results to market its services to other health plans.

27. Despite SpecialtyCare's numerous demands, Providence has failed to satisfy the Debt. As a result, Providence has forced SpecialtyCare to file this action to obtain the payments owed for services provided by SpecialtyCare. *See* Exhibit A.

COMPLAINT - 6

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

# COUNT I – ACTION FOR CONFIRMATION
# OF IDR AWARDS (9 U.S.C. § 9)

28. SpecialtyCare incorporates and realleges paragraphs 1 – 27 as though fully alleged and set forth herein.

29. The NSA states that a determination of a certified IDR entity "shall be binding upon the parties involved" and that payment "**shall be made** directly to the nonparticipating provider ***not later than 30 days after*** the date on which such determination is made." *See* 42 U.S.C. §§ 300gg-111(c)(5)(E), 111(c)(6) (emphasis added). More than thirty days have passed for all IDR determinations at issue herein. Providence did not challenge the awards. Providence simply did not pay them.

30. Pursuant to Section 9 of the Federal Arbitration Act ("FAA"), a party to an arbitration may commence a summary action in court for confirmation of the award, and a "court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA]." 9 U.S.C. § 9.[1]

31. In keeping with the strong federal policy favoring arbitration, confirmation proceedings under the FAA are generally summary in nature. *See T-Mobile USA Inc. v. Verity Wireless Inc.*, No. 221CV00733RAJBAT, 2021 WL 4295845, at *3 (W.D. Wash. July 22, 2021) ("[c]onfirmation of an arbitration award typically is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court") (internal citations and quotations omitted); *see also* 4 Am. Jur. 2d Alternative Dispute Resolution § 199 ("[n]ormally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.").

---

[1] SpecialtyCare also has basis to seek confirmation of its arbitration awards under ORS § 36.700.

32. As previously noted, IDR awards issued under the NSA are final and binding upon the parties and, hence, subject to confirmation by the Court under Section 9 of the FAA.

33. SpecialtyCare is entitled to an order confirming the IDR awards.[2]

34. Accordingly, SpecialtyCare brings this action for an Order confirming each of the unpaid IDR awards set forth in Exhibit A.

35. The amounts owed on unpaid IDR awards issued through November 28, 2024, after write offs, total $186,293.93, plus pre-judgment and post-judgment interest.

## COUNT II - PROVIDENCE'S VIOLATION OF NO SURPRISES ACT

36. SpecialtyCare incorporates and realleges the paragraphs 1 through 27 as though fully alleged and set forth herein.

37. The NSA states that a determination of a certified IDR entity "shall be binding upon the parties involved" and that payment "**shall be made** directly to the nonparticipating provider **not later than 30 days after** the date on which such determination is made." *See* 42 U.S.C. §§ 300gg-111(c)(5)(E), 111(c)(6) (emphasis added). More than thirty days have passed for all IDR determinations at issue herein. Providence did not challenge or seek to vacate the IDR awards. Providence simply did not pay them.

38. Providence have routinely failed to pay IDR awards issued through November 18, 2024, to SpecialtyCare within the statutorily mandated 30-day deadline.

39. As a result of Providence's violation of and disregard of the NSA's requirements, SpecialtyCare has been directly and proximately damaged by Providence's failure to remit

---

[2] The IDR awards and the amounts due and owing pursuant to said awards are not in dispute. Providence has copies of all IDR awards for which SpecialtyCare seeks confirmation. Furthermore, Exhibit A contains coding information and dates of decisions for Providence to confirm the amounts of the awards listed therein. As such, SpecialtyCare has not attached each IDR award for which it seeks confirmation to this Complaint.

COMPLAINT - 8

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

payment in full in the principal amount of $186,293.93, plus prejudgment and post-judgment interest.

### COUNT III - ACCOUNT STATED

40. SpecialtyCare incorporates and realleges paragraphs 1 – 27 as though fully alleged and set forth herein.

41. There is presently due and owing to SpecialtyCare from Providence the sum of $186,293.93 on an account stated between the parties, which amount represents the total principal amount owed by Providence on unpaid IDR awards issued through November 28, 2024.

42. SpecialtyCare has made frequent demands to Providence for the above-described amounts due and owing and provided a statement of Providence's balance owed on the Debt to Providence, a copy of which is attached hereto as Exhibit A.

43. Providence did not object to the validity of the IDR entity determinations underlying the Debt.

44. SpecialtyCare has been directly and proximately damaged by Providence's failure to remit payment in full on the account stated between the parties and is entitled to recover money damages plus prejudgment and post-judgment interest, in an amount to be determined at trial, but in no event less than $186,293.93.

### COUNT IV – OPEN ACCOUNT

45. SpecialtyCare incorporates and realleges paragraphs 1 – 27 as though fully alleged and set forth herein.

46. SpecialtyCare provided services to Providence's members, and, as a result of the provided services, a debt was generated.

COMPLAINT - 9

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380

47. The debt remains unresolved, and, at present, Providence owes SpecialtyCare the Debt of $186,293.93 that is due with applicable interest.

48. A copy of the account, in the form of an itemized chart listing the dispute numbers and amount owed for each IDR award against Providence at issue herein, including the total amount that remains unpaid, is attached hereto as **Exhibit A.**

## COUNT V - QUANTUM MERUIT

49. SpecialtyCare incorporates and realleges paragraphs 1 – 27 as though fully alleged and set forth herein.

50. SpecialtyCare rendered OON services and items to Providence's members and insureds.

51. Providence was obligated to provide coverage for the services and items provided by SpecialtyCare for its members and insureds.

52. Therefore, Providence received a significant economic benefit from SpecialtyCare's services.

53. Providence has knowledge of the benefits conferred upon it.

54. Providence has voluntarily accepted and retained the benefits conferred upon it.

55. Providence's knowledge, acceptance, and retention of the benefits conferred upon it is evidenced by the fact that Providence received invoices for the services provided by SpecialtyCare and then made initial payments for those services to SpecialtyCare.

56. Thus, Providence has acknowledged that it owes SpecialtyCare for the benefits SpecialtyCare conferred. However, Providence's initial payments were low and not commensurate to the reasonable value of the benefits conferred on it by SpecialtyCare.

57. The dispute over the value of the benefits received was resolved in accordance with the IDR procedures set forth in the NSA. Final and binding IDR awards were issued, and Providence was obligated to make payment within thirty ("30") days of the IDR awards being issued through November 28, 2024.

58. Providence has failed and refused to pay the amounts owed on the IDR awards issued through November 28, 2024. within thirty days as required by the NSA.

59. Providence continues to improperly retain the amounts owed on the IDR awards at issue herein.

60. It would be inequitable for Providence to retain the benefits of the services provided by SpecialtyCare without paying the full value of the benefits as set forth in the IDR awards at issue herein, and SpecialtyCare has suffered damages as a result.

61. SpecialtyCare hereby seeks payment of the IDR awards issued through November 28, 2024, after write offs, in the amount of $186,293.93.

## **COUNT VI – UNJUST ENRICHMENT**

62. SpecialtyCare incorporates and realleges paragraphs 1 – 27 as though fully alleged and set forth herein.

63. SpecialtyCare rendered OON services and items to Providence's members and insureds.

64. These services were provided at SpecialtyCare's expense and under circumstances that would make it unjust for Providence to retain the benefit without commensurate compensation.

65. Providence was obligated to provide coverage for the services and items provided by SpecialtyCare for its members and insureds.

66. Therefore, Providence received significant economic benefits from SpecialtyCare's services.

67. Providence has knowledge of the benefits conferred upon it.

68. Providence has voluntarily accepted and retained the benefits conferred upon it.

69. Providence's knowledge, acceptance, and retention of the benefits conferred upon it is evidenced by the fact that Providence received invoices for the services provided by SpecialtyCare and then made initial payments for those services to SpecialtyCare.

70. Thus, Providence has acknowledged that it owes SpecialtyCare for the benefits SpecialtyCare conferred. However, Providence's initial payments were low and not commensurate to the value of the benefits conferred on it by SpecialtyCare.

71. The dispute over the value of the benefits received was resolved in accordance with the IDR procedures set forth in the NSA. Final and binding IDR awards were issued through November 28, 2024, and Providence was obligated to make payment within thirty ("30") days of the IDR awards being issued.

72. Providence has failed and refused to pay the amounts owed on the IDR awards issued through November 28, 2024, within thirty days as required by the NSA.

73. Providence continues to improperly retain the amounts owed on the IDR awards at issue herein.

74. Providence would be unjustly enriched if allowed to retain the benefit of the services provided by SpecialtyCare without paying the full value thereof as set forth in the IDR awards at issue herein, and SpecialtyCare has suffered damages as a result.

75. SpecialtyCare hereby seeks payment of the IDR awards issued through November 28, 2024, after write offs, in the amount of $186,293.93.

**PRAYER FOR RELIEF**

76. WHEREFORE, SpecialtyCare respectfully prays for the following relief:

A. An Order confirming each IDR award included in Exhibit A pursuant to 9 U.S.C. § 9;

B. An Order enforcing all the IDR Awards listed on Exhibit A and not paid within thirty days as required by federal law in an amount not less than $186,293.93 and a judgment for the total amount outstanding plus pre- and post-judgment interest under 28 U.S.C. § 1961 as well as under the laws of Oregon, including ORS 82.010;

C. Equitable relief requiring Providence comply with the NSA by paying all future IDR awards within thirty ("30") days; and

D. Any and all additional legal or equitable relief to which SpecialtyCare may be entitled.

**JURY TRIAL DEMAND**

77. SpecialtyCare demands a trial by jury for all issues so triable as a matter of right.

Dated: December 30, 2024.                    Respectfully submitted,

**BAKER & HOSTETLER LLP**

*s/ Curt Roy Hineline*
Curt Roy Hineline, OSB No. 913153
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Tel: 206.332.1380
Email: chineline@bakerlaw.com
*Attorneys for Plaintiffs*